**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

06/29/2021

**JEFFREY P. ALLSTEADT, CLERK**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | 17-04023 | |
| Komaa Mnyofu, | ) | Chapter 13 | |
| | ) | | |
| | ) | Honorable JUDGE THORNE | |
| Debtor(s). | ) | | |

## NOTICE OF MOTION

To the following persons or entities who have been served via electronic mail: U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov Marilyn O. Marshall, Chapter 13 Trustee: courtdocs@chi13.com; mcolter@davidmsiegel.com.

**TO:**

| | |
|---|---|
| OFFICE OF THE CHAPTER 13 TRUSTEE<br>MARILYN O. MARSHALL<br>224 South Michigan Avenue, Suite 800<br>Chicago, Illinois 60604-2500 | Attorney, Law Offices<br>David M. Siegel<br>790 Chaddick Drive<br>Wheeling, IL 60090 |

Please take notice that I shall appear before the following named Bankruptcy Judge, or any Judge presiding in her stead at 219 South Dearborn Street, Chicago, Illinois and in the following courtroom (or any other place posted), and present the attached "**Motion to Amend Chapter 13 Plan**, at which time you may appear.

| | |
|---|---|
| JUDGE: | THORNE |
| Room: | 613 |
| DATE: | June 30, 2021 |
| TIME: | 1:30 pm |

## PROOF OF SERVICE

A copy of this Notice of Motion and attachments, if any, were served by electronic mail via the PACER system to all parties of record above, and attached list by Komaa Mnyofu, under oath and under all penalties of perjury.

Date: of Service: June 28, 2021                    /s/_____
                                                                              Komaa Mnyofu (Debtor)

Komaa Mnyofu
4341 Kildare Ct
Matteson, Illinois 60443
(708) 253-8755/kmnyofu@netscape.net

To the following persons or entities who have been served via U.S. Mail:

Cook County Treasurer's Office

Legal Department

118 North Clark Street, Room 112

Chicago, IL 60602-1332

American InfoSource LP as agent for

T Mobile/T-Mobile USA Inc.

PO Box 248848

Oklahoma City, OK 73124-8848

Honor Finance

1731 Central Street

Evanston, IL 60201

Cook County Clerk

118 N. Clark St., Room 112

Chicago, IL 60602-1332

Consumer Portfolio Services, Inc.

Bankruptcy Department

19500 Jamboree Road, Suite, 500,

Irvine California 92612

UNITED STATES BANKRUPTCY VOURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| Komaa Mnyofu, | ) | |
| | ) | Honorable Deborah L. Thorne |
| Debtor(s). | ) | |

## MOTION TO AMEND CHAPTER 13 PLAN

NOW COMES the Debtor pro se, Komaa Mnyofu, to present his motion to Amend Chapter 13 Plan, to include a Post-Petition creditor, and in support thereof states as follows:

1. Jurisdiction is proper and venue is fixed in this Court with respect to parties;

2. The Debtor filed a Chapter 13 petition on February 13, 2017; the case was confirmed on June 28, 2017; Marilyn O. Marshall was appointed trustee in this case;

3. On August 1, 2018, the Court entered an Order Allowing Debtor(s) To Incur Debt And To Shorten Notice" for purchase of a 2018 Hyundai Elantra or similar vehicle;

4. The Elantra was financed through "Consumer Portfolio Services, Inc" ("CPS") via purchase agreement with monthly payments of $500.00; insurance added $350.00 per month to the cost;"

5. On June 9, 2021, "CPS" caused the 2018 Hyundai Elantra to be repossessed notifying myself via a letter "Notice of Our Plan To Sell Vehicle", dated June 10, 2021, with the sale date of July 1, 2021; the letter also contained a statement regarding my protections under the Bankruptcy Code (11 U.S.C.  362; 524)

6. At the time of entry of the August 2018 Order Allowing myself to incur debt, my Attorney of record ("David M Siegel & Associates") did not advise me of my rights under the Bankruptcy Code regarding protection provisions; (i.e. 'automatic stay')

7. In previous discussions with Siegel attorney Michael Colter, Mr. Colter represented to me that the Hyundia Elantra was put in the Bankruptcy plan and was covered by the "automatic stay" provision;

8. On January 6, 2021, I received an email from Siegel attorney Michael Colter, informing me that my Plan modification had been granted and that my payments would resume to the Trustee in the amount of $575.00;

9. After the car had been repossessed, I phoned Mr. Siegel's offices and spoke with attorney Mr. Bansfield who informed me that the Elantra "was not" included in the Bankruptcy and that the creditor ("CPS") had filed a motion in November 2020 to "lift the automatic stay";

1

10. It wasn't clear to me how CPS could file a motion to "lift automatic stay" if the car "had not" been placed into my bankruptcy----as CPS would not have been subject to the stay; further, my attorneys of record filed no *"objection to"* or *responsive pleading* to the alleged motion by CPS on my behalf, according to the docket;

11. I spoke by phone with the creditor's ("CPS") Bankruptcy re-instatement department; their representative suggested that I have my attorneys file a motion to amend my bankruptcy to include the Hyundai Elantra, to which they could respond with a proof of claim;

12. Mr. Bansfield told me by phone that he nor the firm would be filing my proposed motion to amend my plan to include the Elantra as it would be both "unethical and frivolous"; Bansfield would later repeat this claim in a conference call with my family attorney David M Zinder;

13. I sent Mr. Bansfield an email to memorialize our conversation in which he stated the proposed motion would not be filed by him or the firm; I stated that I would be forced to file the motion myself;

14. Shortly thereafter, Mr. Bansfield reversed his position in an email indicating that he would now file the motion; Mr Colter responded to my email that he would be out of the office until September 1, 2021; however, within minutes he too phoned and emailed me about filing the proposed motion;

15. To date Siegel attorneys have taken no action to file my requested motion; in fact Mr. Bansfield told Mr. Zinder and me that the firm would be filing a motion to withdraw, apparently instead of the motion requested;

16. As the court is aware, this will be the second time I have had to file a motion pro se, while having an attorney of record, because they refuse to act in my interest, as in filing a motion, if it doesn't suit them; neither of my pro se motions could be considered *"unethical"* or *"frivolous;"*

17. I'm asking the court to grant my motion to amend my plan to include the 2018 Hyundai Elantra, with CPS filing its proof of claim, as the motion to incur debt was agreed to by the Trustee and approved by the court;

18. The failure to include the car has resulted in great suffering, inconvenience, hardship, additional out of budget costs for private/public transportation which is unsustainable and threatens a loss of my job, and therefore unsuccessful completion of my plan;

**WHEREFORE**, I, Komaa Mnyofu, ask this court to enter an Order allowing: 1) an amendment to my plan to include the 2018 Hyundai Elantra; 2) directing CPS to not sell the vehicle and return it "instanter" with all costs related to the repossession to be absorbed by my attorneys of record for their refusal to file this motion and not objecting to the alleged motion to lift the stay by CPS; 4) for such other and further relief this court deems just and equitable.

Respectfully submitted,

Mr. Komaa Mnyofu
4341 Kildare Ct
Matteson, IL 60443
(708) 253-8755
kmnyofu@netscape.net